Citation Nr: 1554530 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 12-16 509A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for cirrhosis of the liver.

 
WITNESS AT HEARING ON APPEAL

The Appellant


ATTORNEY FOR THE BOARD

K.C. Spragins, Associate Counsel




INTRODUCTION

The Veteran had active duty service in the United States Army from September 1973 to October 1975, from May 1978 to June 1982, and from January 2003 to August 2004. The Veteran died in May 2012 and the appellant is his surviving spouse.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. The RO in St. Petersburg, Florida now has jurisdiction over the claim.

In July 2013, the RO informed the appellant of its determination that she was eligible as a valid substitute in place of the Veteran for the issue on appeal. Accordingly, the appellant has been substituted as the claimant for the purposes of all claims that were pending on the date of the Veteran's death. The issue on appeal has been recharacterized on the title page to reflect substitution.

The Board notes that the Veteran was previously represented by attorney Michael J. Brown, who withdrew his representation in March 2013. Mr. Brown was subsequently notified by the RO that his representation ended on the date of the Veteran's death. In June 2012, the appellant appointed the Disabled American Veterans (DAV) as her representative through a VA Form 21-22; however, this form was not signed by a DAV representative. The appellant has not appointed another representative.

The appellant testified at a videoconference hearing before the undersigned Veterans Law Judge in February 2015. A transcript of that proceeding is associated with the Veterans Benefits Management System (VBMS) file.

In an April 2015 decision, the Board remanded the claim to the AOJ for additional development and adjudication. The case has since been returned to the Board for appellate review.

This appeal was processed using the Virtual VA paperless claims processing system and VBMS. Accordingly, any future consideration of this case should take into consideration the existence of these records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that a remand is required to obtain an adequate VA medical opinion that complies with the Board's prior remand. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); Stegall v. West, 11 Vet. App. 268, 271 (1998). As directed by the April 2015 Board remand, the AOJ obtained a September 2015 VA medical opinion on the nature and etiology of the Veteran's claimed cirrhosis of the liver. The VA medical opinion is inadequate as the supporting rationale for the negative nexus opinion is unclear. In response to the question of whether it is at least as likely as not that the cirrhosis of the liver manifested during active duty service, within one year of separation, or was otherwise related to an event, injury, or disease incurred during active duty service, the VA examiner answered "[n]o," stating that the cirrhosis was more likely due to the Veteran's hepatitis C. The Board notes that the Veteran was not service-connected for hepatitis C. However, the examiner did not share the reasoning behind his conclusion that the Veteran's cirrhosis did not manifest during, or within one year of, any of the Veteran's periods of active service. Additionally, the examiner did not address (and was not requested to address) the three periods of service separately. 


Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion regarding the etiology of the Veteran's cirrhosis of the liver from the VA examiner who provided the September 2015 etiological opinion. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. A thorough explanation for all opinions expressed must be provided. 

The examiner is advised that the Veteran had three periods of active service, including: 1) September 1973 to October 1975; 2) May 1978 to June 1982; and 3) January 2003 to August 2004.

The examiner must provide the following opinions: 

1) Regarding the periods of service from September 1973 to October 1975 and May 1978 to June 1982, is it at least as likely as not (a 50 percent or greater probability) that cirrhosis of the liver had its onset in or is otherwise related to active service?

2) Regarding the period of service from January 2003 to August 2004, did the Veteran's cirrhosis of the liver clearly and unmistakably preexist this period of service?

If so, was the cirrhosis of the liver clearly and unmistakably not aggravated by this third period of active service? 

If not, is it at least as likely as not (a 50 percent or greater probability) that cirrhosis of the liver had its onset in or is otherwise related to this third period of active service?

In providing these opinions, the examiner should address the following: (1) the VA treatment record indicating that the Veteran quit drinking in 1990 when he learned of his liver disease; (2) the conclusion from the June 2004 Physical Evaluation Board Proceedings that it was impossible for end stage liver disease to manifest between January 21, 2003 and February 4, 2003; (3) the April 2010 statement of R.D.J., CRNP, that there was no way to know the exact etiology of the Veteran's liver disease and her assertion that the Veteran had not received a diagnosis for cirrhosis prior to February 2003 while on active duty; (4) the November 2004 treatment record from Dr. K. at Walter Reed Army Medical Center including cirrhosis among his listed diagnoses and stating that the Veteran's medical condition existed prior to service and was permanently service aggravated; and (5) the contention of the appellant (the Veteran's surviving spouse) that the Veteran's cirrhosis was worsened by the stress that he experienced during active service.

2. Review the VA opinion report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998).

3. After completing the above action, any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the appellant and her representative. After the appellant and her representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).